No. 23-3089
_____

## UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA

_____

## UNITED STATES OF AMERICA,
Appellee,

vs.

## KENNETH HARRELSON,
Appellant.

_____
Consolidated with 23-3090, 23-3097, 23-3098


## REPLY TO EMERGENCY MOTION FOR ADDITIONAL WORD LIMIT FOR APPELLANTS' OPENING BRIEF

Appellants respectfully Reply to the Response at Document #2167809 that opposed their Emergency Motion (Document #2167423) request for 1000 additional words and provide here that based on their continued work over the stay period, where they are in the final stages of meeting the word limit, they request the stay be lifted and delivery of the brief be scheduled for April 17, 2026; and further provide:

The briefing schedule was stayed for a decision on Motion. Document #2167520.

The Emergency Motion was submitted within 4 days of the April 10, 2026, due date after Appellants worked through Easter weekend in attempts to reduce the Brief's size and reaffirm merit for all arguments. The final issues in the majority comprise issues of law. Appellants continued to work over the period of the current stay, including throughout this past weekend. To try to meet the 40,000-word limit, they modified language in multiple issues, joined and consolidated some individual issues, and within issues added cross-references to similar language and arguments made in related issues. After initial review today, there does not appear to be any detriment to any Appellant based on the changes.

Appellants are now able to confirm they will not use the extra 1000 words requested given the continued work. With the Brief's modifications and the ripple effect across multiple areas that must be reviewed again prior to delivery, they do however need a few more days for delivery. Appellants will work to ensure the edits are synchronized across issues, with the Brief's tables, and with the anticipated exhibits for the Joint Appendix, as part of final editing and compilation.

As background in Reply to the government's opposition, it was

unreasonable for the government to argue that Appellants should submit their top or "strongest" issues and should conduct a triage for what they determine might win. Nothing in the Federal or Circuit Rules of Appellate Procedure states such a requirement. Poor or known, losing arguments were naturally not considered. The government also argued that the words should be limited because sentencing issues are not required due to the commutations. Nothing in the Rules makes a distinction that for an individual appellate brief the standard 13,000 words only applies if issues on both the conviction and sentencing will be included. That counsel over a year ago provided a best estimate for required words on the Court's order before draft of the brief beyond initial issue examination was not a legitimate argument when in good faith counsel worked continuously to refine the brief.

The opening Brief is not a "kitchen sink" of arguments. Many possible arguments were eliminated by individual counsel. The issues require addressing differing points for multiple (but not all) Appellants. While reasonable minds could agree that some issues may be stronger than others, none are viewed as frivolous.

The individual appeals were joined for efficiency for the Court and

government although the verdicts were split, with numerous prior motions and trial preservation of issues varying across Appellants. To provide a joint brief, counsel worked consistently to combine the differing views of and arguments among Appellants for the issues.

Changes made include for example, rather than individual arguments for the 1512(c)(1) charge, two Appellants joined a single argument despite their own ways of addressing the conviction issues. In this, two Appellants deferred to another's caselaw and format while joining the part of the argument applicable to them. Compromising without prejudicial dilution was work that continued over Easter and again this past weekend to meet the word restriction. The Emergency filing was not due to lack of trying or good faith.

The Appellants' Brief challenges all convictions for each of the 4 co-appellants for 8 counts, with only one – for §§ 1512(c)(2) and 2 – being a common conviction to all. As mentioned in the Motion, the argument for that charge ((along with the argument for Section 1512(k) where only Mr. Meggs and Ms. Watkins were convicted)) is caused by the government because despite the U.S. Supreme Court's *Fischer* ruling, the government refused to agree to vacatur.

4

In this stay period, counsel refined the brief again and can submit it on April 17, 2026, within the 40,000-word limitation.

## CONCLUSION

Wherefore, for good cause and reasons shown the Court should Order the Brief be due on April 17, 2026, with the limit of 40,000 words.

Dated April 13, 2026

Respectfully submitted,

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart
Bar # 64495
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
T: 813-659-5178
E: Carolstewart_esq@protonmail.com
Counsel for Kelly Meggs

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned hereby certifies that this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B)(i).

1. This motion complies with the type-word limit of Fed. R. App. P. 32(a)(7)(B)(i) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 733 words.

2. This brief complies with the requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century font.

/s/ Carolyn Stewart
Carolyn Stewart, Esq

## CERTIFICATE OF SERVICE

I hereby certify on the 13th day of APRIL 2026, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ Carolyn Stewart
Carolyn Stewart, Esq.