No. 23-3089

_____

# UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA

_____

## UNITED STATES OF AMERICA,
Appellee,

vs.

## KENNETH HARRELSON, et al,
Appellants.

_____

Consolidated with 23-3090, 23-3097, 23-3098

## APPELLANT MEGGS' MOTION TO STRIKE FILINGS BY NON-PARTY REPRESENTATIVE JAMIE RASKIN

Appellant KELLY MEGGS through undersigned counsel respectfully moves this honorable Court to strike the Motion and amicus briefs filed by Representative Raskin on April 17 and 20, 2026, (Documents #2169287 and #2169449 respectively) that use a pretext of filing under amicus curiae status outside any allowable Federal and Court motion filing rules for parties in a criminal appeal where his filings serve as a partisan attempt to politicize the case, encroach upon the Executive Branch's prosecutorial discretion, rage-bait his political base to continue opposing anything the administration does; and where his filings include gross misrepresentations of material facts that act as a propaganda appeal to a violent faction apparently driven

by his political party's rhetoric that threatens the safety of the actual Parties in this case and ultimately President Trump. The government stated on April 28, 2026, that it takes no position at this time in this Motion. Mr. Meggs provides the following in support:

## I. BACKGROUND AND FACTS.

This case is on direct appeal from the D.D.C., and the issues involve the convictions (see Addendum) and not the Appellants' sentences which were commuted by President Trump's Pardon Proclamation on January 20, 2025.[1]

The same day as his Pardon Proclamation, President Trump issued: "Executive Order, Ending the Weaponization of The Federal Government." (Jan. 20, 2025). On February 5, 2025, the Attorney General issued the memorandum, "RESTORING THE INTEGRITY AND CREDIBILITY OF THE DEPARTMENT OF JUSTICE."[2] It quoted the President's Executive order in stating, "[t]he prior administration and allies throughout the country engaged in an unprecedented, third-world weaponization of prosecutorial power to upend the democratic process." The DOJ formed a working group to investigate weaponization, and this included January 6 cases such as the instant one. *Id*. AG Memorandum at 1-2.

No party briefs have been filed. Appellants consented to the government's

---

[1] See Proclamation No. 10887, 90 Fed. Reg. 8331 (Jan. 20, 2025).

[2] Memorandum can be found at:
https://www.justice.gov/ag/media/1388506/dl?inline as of April 28, 2026.

motion to vacate their convictions under 28 U.S.C. § 2106 (interests of justice) and remand so the government could dismiss the indictments with prejudice under Fed. R. Crim. P. 48(a). (Documents #2168665, #2168711).

This case does not involve a contempt of court issue.

Raskin was never an existing party (amicus curiae, intervenor, or interested party) to the case here or at the D.D.C. See Addendum, Certificate of Parties.

Raskin received a President Biden ("auto-pen") pardon for whatever criminal charges might arise from his actions while on the January 6th Select Committee.

Representative Raskin filed a Motion to act as amicus using Rule 29 (Document #2169287) without conferring with any party to the case and without request by any Party. Raskin then separately without any apparent authority again filed the same "amicus brief" (Document #216944) that made material misrepresentations about the Appellants and was against the Executive's legitimate use of prosecutorial discretion for vacatur. He did all this without conferring with any Party, without support under Rule 27 or his very "novel" pretextual misapplication of Rule 29 to pretend to be an amicus briefing the Court to appoint an amicus.

Under Raskin's Rule 29 application that bypasses the Party Presentation Doctrine and existing interpretation of the Federal and Circuit Rules (which require a legitimate Party for filing Motions and making arguments in a criminal appeal

unless the Court allows a Party's supporting amicus brief or needs an amicus brief for an objective argument of a legal issue in the appellate briefs), any person can now file a brief claiming to act as an amicus curiae to then misrepresent facts against political opponents, interfere, clog up the docket, argue inapposite caselaw, and make demands upon the Court irrespective of any relation to a Party's or Court's need for legal research related to Party briefs.

Raskin has a continuing partisan history of non-objectively calling President Trump, "Make America Great Again (MAGA)," supporters, and administration policies a fascist movement. A few examples from an extensive multitude are:

- On January 6, 2026, Raskin in a Forbes News video said President Trump's supporters were "fascist traitors to their own country" and were "insurrectionists" involved in a coup with Trump.[3]

- On June 4, 2025, in a statement to the House Judiciary Committee on Oversight, Raskin said President Trump's administration was not fighting antisemitism and that "President Trump has populated his own administration with antisemites and fans of neo-Nazis."[4]

- In February 2025 Raskin said Trump was corrupt, was violating the

---

[3] https://www.youtube.com/watch?app=desktop&v=_9Cnv7WBXnA
[4] Raskin Ranking member, House Judiciary, https://democrats-judiciary.house.gov/media-center/press-releases/ranking-member-raskin-s-opening-statement-at-subcommittee-hearing-on-trump-s-weakening-of-the-us-s-ability-to-combat-antisemitism

Constitution in a power grab, "we've gotta do everything in our power to stop the onslaught;" Trump had gerrymandered the SCOTUS, Trump was "the instrument of corruption" in the government; Elon Musk was acting as co-President, stealing people's data, and should be impeached; inferred Trump was a fake president under Article II; the Supreme Court has never been on the side of the people (who need to rise); Trump and Musk fall into the category of "autocrats, theocrats, plutocrats, dictators and despots;" and "JD Vance and the Elon Musk are totally in bed with the neofascist parties in Germany and Austria and France and so on."[5]

- In discussing Mr. Trump and MAGA, and timed for pretrial publicity in the trial for this case, Raskin referred to "hallmarks of a fascist political party" on CBS' "Face the Nation" in September 2022.[6]

- Raskin again referred to that "hallmark to fascism" in a lecture at Dartmouth College on January 8, 2024, where he said, "Trump wants to be a dictator on Day 1 and leads a cult of authoritarian personality, where

---

[5] https://lauraflanders.org/wp-content/uploads/2025/04/EP148_-The-People-v.-DOGE_-Jamie-Raskins-Strategy-to-Combat-the-Musk-Trump-Power-Grab-Transcript.pdf

[6] Ivan Saric reporting for Axios, "Raskin suggests Trump movement shows 'hallmarks of a fascist political party.'" https://www.axios.com/2022/09/04/raskin-trump-gop-maga-fascist. Also reported by Newsweek with the video: https://www.newsweek.com/trumps-maga-movement-shows-two-hallmarks-fascism-jamie-raskin-1739717

his allies in Congress and the Supreme Court were working to dismantle democracy."[7]

- In March 2024 Raskin decried SCOTUS's decision to take up the issue of presidential immunity, blamed the justices appointed by President Trump, and said "We don't have a king here, we had a revolution against a king …."[8]

- In a June 2024 interview with Jen Psaki, Raskin discussed calling out Trump's speech as "deranged."[9]

- In mid-June 2024 Raskin said Trump and Republicans were a cult, there had been an insurrection, and "While they are attacking the rule of law … they're doing everything they can to compromise the judiciary and to destroy the rule of law in our country."[10]

- Responding to the assertion that Trump was an insurrectionist, Raskin said "And now he's promising to pardon hundreds of shock troops on the extreme right, people from the Proud Boys and the Oath Keepers and other

---

[7] Dartmouth news, "Who Will Rescue America," https://home.dartmouth.edu/news/2024/01/us-rep-jamie-raskin-who-will-rescue-america

[8] https://thehill.com/regulation/court-battles/4505559-raskin-scotus-decision-trump-immunity-claim-we-dont-have-king-here/

[9] https://www.yahoo.com/news/raskin-calls-trumps-outlandish-deranged-180558156.html

[10] Rep. Jamie Raskin: Trump's First Return to Capitol Hill Since Jan. 6 Cements His GOP "Stranglehold" https://www.democracynow.org/2024/6/17/raskin_trump

extremist groups who attacked Capitol officers, Metropolitan Police Department officers, officers from Montgomery County, Maryland, the jurisdiction I represent in Congress. And these are people who violently assaulted officers and deliberately tried to "stop the steal. . . ." *Id*.

- In mid-late April 2025 regarding illegal aliens deported to El Salvador under the Alien Enemies Act, Raskin created a video calling President Trump's legitimate use of court processes "a fascist approach to the rule of law."[11]

- In May 2025 Raskin said on a podcast that "a rally a day keeps the fascists away," and "we need to be fighting in the streets;" that President Trump was involved with a "worldwide grift with his family," and was conducting an "authoritarian war" on the poor and middle classes; and discussed defeating Trump.[12]

- While leading the House Impeachment against President Trump in January 2021, Raskin said he posted 14 warning signs of fascism outside his office as he associated Trump and January 6th with fascism.[13]

- After the April 25, 2026 attempted assassination of President Trump,[14]

---

[11] https://www.youtube.com/shorts/F0ciw3RzihQ widely disseminated on Blue Sky and other social media.

[12] Jon Weiner interview, https://www.thenation.com/podcast/archive/sms-052125/

[13] https://www.thenation.com/premium/politics/raskin-impeachment-insurrection/

[14] The Butler, PA assassination attempt by Crooks who shot Trump was on July 13,

when Raskin was "asked on CNN's 'State of the Union by Dana Bash whether he and other Democrats should reconsider heated, inflammatory language toward Trump, Raskin responded, 'What rhetoric do you have in mind?' before adding that he criticizes administration policies rather than making personal attacks."[15]

- On April 26, 2026, on 'Face the Nation' Raskin said Trump was attacking the Southern Poverty Law Center (SPLC) whom he claimed had the purpose of investigating "violent right wind extremism"[16] despite evidence that the SPLC was using money laundering and shell companies to fund the KKK and extremists.[17]

Mr. Meggs and family have received serious threats and harassment running through pretrial, incarceration, and post-release time periods.

The years-long, ongoing rhetoric (including that by former Presidents Obama and Biden, Democrat members of Congress and media actors) that proclaims President Trump and supporters as fascists, Nazis, insurrectionists, and an existential threat to America and democracy, resulted in the assassination of Charlie Kirk, and

---

2024, and the W. Palm Beach FL attempt by Ryan Routh was September 15, 2024.

[15] Fox News, Raskin acts clueless when pressed on Democrats' anti-Trump rhetoric following WHCD shooting: https://www.yahoo.com/news/articles/raskin-acts-clueless-pressed-democrats-165842430.html

[16] https://grabien.com/file?id=3497166

[17] 4/21/2026 Indictment, U.S. District Court for the Middle District of Alabama, 2:26-cr-00139-ECM-KFP, ECF No.1.

now three assassination attempts against President Trump since July 2024 (and multiple foiled plans).

## II. **LEGAL STANDARDS.**

The Constitution vests prosecutorial power solely in the Executive Branch. See U.S. Const. art. II, §§ 1, 3. The "Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *United States v. Nixon*, 418 U.S. 683, 693 (1974) (citations omitted). An exception to that exclusive authority exists for the prosecution of criminal contempt of court at the trial level.

The powers of law enforcement "are assigned under our Constitution to the Executive and the Judiciary." *Trump v. Mazars USA, LLP*, 591 U.S. 848, 863 (2020) ((quoting *Quinn v. United States*, 349 U. S., 155, 161 (1955)). Nothing in the U.S. Constitution gives Congress authority to prosecute or enforce laws. Congress may conduct hearings for legislative oversight purposes (i.e. for funding, legislation).

After briefs are filed and argued, and a party's writ of certiorari has been accepted at the United States Supreme Court (SCOTUS), if both parties then agree (such as the Solicitor General reversing previous opposition briefs) the SCOTUS has a written rule for appointing amicus. This case is not that since no briefs have been filed at the appellate level.

Rule 29, Brief of an Amicus Curiae states:

(a)(2) When Permitted. The United States or its officer or agency

9

> or a state may file an amicus brief without the consent of the parties or leave of court. Any other amicus curiae may file a brief only by leave of court or if the brief states that all parties have consented to its filing . . . .

Fed. R. App. P. 29(a). Brief of an Amicus Curiae During Initial Consideration of a Case on the Merits.

For Amicus, this Court's Rules state:

> A brief of an amicus curiae may be filed only by consent of all the parties or by leave of the Court, unless the amicus is the United States or an officer or agency thereof, a state, a territory, a commonwealth, or the District of Columbia, or has been appointed by the Court. A motion for leave to file an amicus brief must set forth the movant's interest, the reason why briefing is desirable, and why the matters asserted are relevant.

D.C. Circuit Handbook of Practice and Internal Procedures, Section IX. A. 4. Amici Curiae and Intervenors, December 2025 at 38-39.

Both Federal and this Court's Rules require filers to confer with a case Party for amicus curiae entry, and where consent is not obtained, to request leave of Court. Neither Fed. R. App. P. 29 nor the Circuit Rule make mention of a court appointing amicus curiae based upon a private citizen or an interested member of Congress filing pretextually as an amicus to void Party Presentation Doctrine or intervenor preclusion in criminal case appeal Motions.

Fed R. App. P. 27 and the corresponding Circuit Rule do not provide any allowance for non-Parties in a criminal appeal to file motions.

The Circuit Rules make clear that intervenors and amicus are different entities, where an intervenor is an "interested person who has who has sought and obtained

10

the court's leave to participate in an already instituted proceeding." D.C. Circuit Rule 28(d) (December 2025). There is no equivalent in the criminal procedure rules to the Fed R. Civ. P. 24 that could allow an intervenor here to have been part of an existing criminal case proceeding. No Rule allows an intervenor outside of civil cases or agency rule-making disputes (Rule 15) to enter a criminal case on appeal.

No federal rule or law requires the government/DOJ to continue prosecution of convictions that are on appeal to this Court.

## III.  <u>ARGUMENT</u>.

**A.  Representative Raskin Used his Title to Attempt a Backdoor Intervention in the Case Under Cover of Amicus.**

No rational interpretation of Rule 29 exists where the movant is not the entity who will be filing a brief related to the Party briefs in the case, or where Rule 29 may be used to create a backdoor intervenor in a criminal appeal. Nothing allows use of the rules by a third person who is not a party to the case to pretend to be an amicus for the purpose of lobbying the Court to appoint an amicus to argue a Party's motion. This Court's Rules do not allow any private citizens to just file motions into the docket in a criminal appeal by using amicus claims as a back door to intervene as if this were a civil case. This criminal case appeal is between the DOJ-Appellee and Defendant-Appellants, including Mr. Meggs. There can be no other "parties."

The trial court case had no intervenors, nor were any established at docketing

11

here. (See Addendum). There was no Court approval granted here for a party to intervene and demand amicus briefs.

Because there are no Party briefs or issues where an objective amicus's assistance (which excludes Raskin as shown by the above facts) would be required by this Court for well-settled caselaw on DOJ vacatur motions in direct appeals, where given his "novel" abuse of Rule 29, the Court must strike Raskin's filings.

1. **Rep. Raskin is Lobbying the Court in his Amicus Motion by Acting as if an Existing (but Unauthorized) Intervenor.**

Raskin's Motion (Document #2169287) is titled "MOTION OF REPRESENTATIVE JAMIE RASKIN FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE REQUESTING COURT-APPOINTED AMICUS." The docket face showed "MOTION [2169287] to participate as amicus curiae…." In the motion he stated:

> Pursuant to Rule 29 of the Federal Rules of Appellate Procedure, U.S. Representative Jamie Raskin *respectfully moves for leave to file the attached brief, as amicus curiae*, requesting the appointment of amicus curiae in opposition to the Government's Unopposed Motion to Vacate Convictions and to Remand for Dismissal with Prejudice.

Document #2169287 at 2, filed 4/17/2026.

He then attached a document titled, "BRIEF OF AMICUS CURIAE REPRESENTATIVE JAMIE RASKIN REQUESTING COURT-APPOINTED AMICUS." *Id*. at 7.  Raskin goes on to declare in the attached brief "Amicus curiae

is Representative Jamie Raskin." *Id*. at 8. Thus, without doubt *Raskin said he was an amicus* under Rule 29.

In the American world of the English language where attorneys should be operating, Raskin by his Motion –without any supporting allowance by Court Rules for such a Motion– designated himself using his Congressman's title as amicus and filed an amicus brief that was designed solely to rant about January 6th, misrepresent material facts, and lobby this Court to designate an amicus for a motion to litigate and argue settled law when there are no party briefs to argue. In addition to receiving no leave of Court, he then proceeded to separately file the brief again on April 20, 2026 (Doc# 2169449). In both filings he failed to meet the Rules' requirement to specify who was paying for any amicus brief and provided nothing besides an attack full of falsehoods as cause to litigate when no litigation concerning the convictions that the government seeks vacatur for are required.

Because his Motion was a lobbying action under pretext of amicus, the Court must strike the Motion and brief(s).

### 2. <u>Raskin's Motion and Brief(s) are Legally Deficient and Must Be Stricken</u>

Making irrelevant, emotional claims to this Court to justify encroachment on the Executive Branch, Raskin disrespectfully wrote that the DOJ's use of its long-standing accepted legal precedent of prosecutorial discretion involves a "comically

conclusory statement that 'the government has determined in its prosecutorial discretion that dismissal of this criminal case is in the interests of justice.'" *Id*. #2169287 at 16. That is the standard no matter how "comical" Raskin finds it. Without presenting any relevant facts or caselaw, Raskin alleges that this Court must ignore the Executive's prosecutorial discretion, ignore that briefs with legal issues are not being litigated, and appoint an amicus to "present opposing argument and defend the judgment *being ambushed*." *Id*. at 17 (emphasis added). He cites no relevant precedent that requires defense of a lower court judgment when that is not at issue (not briefed) as the Executive exercises its prosecutorial discretion on appeal.

Raskin laments "Now the Department of Justice, the very Department that prosecuted these cases and proved Defendants-Appellants' guilt beyond a reasonable doubt, is asking this Court to erase those verdicts and convictions as though they had never happened." Document #2169287 at 16. Well, Raskin as an attorney should know that is exactly what happens legitimately under prosecutorial discretion to not further prosecute at the direct appeal criminal case level. In his political "brief," he considers no facts about DOJ's investigation into the issues. Nor does he consider that he was part of the prosecutorial problem where the DOJ fed his J6 Select Committee allegations to publicize in TV productions prior to Appellants' trial, while his committee withheld and then destroyed exculpatory

evidence, after falsely calling Mr. Meggs and Appellants "insurrectionists." [18]

Acting in partisan opposition, he ignores that upon issuance of the January 6th Pardon Proclamation that President Trump directed the U.S. Attorney General/DOJ to further investigate weaponization against January 6 defendants. The DOJ is not required to unveil what may be ongoing investigations, findings of internal wrongdoing involving evidence fabricated by prosecutors or FBI investigators, misapplication of the laws, other Constitutional violations, judicial errors and abuses of discretion, or prosecutorial misconduct in this case. DOJ statements that it will not further prosecute in the interests of justice have previously sufficed at this Court for a remand for Rule 48(a) dismissal. (See DOJ Motion, Document #2168665 for caselaw and justification). Any future discussion of Rule 48(a) justification may occur at the D.D.C. level.

> There is danger in a court over-relying on amicus while sidelining party views:

> > For the reasons stated, we vacate the Ninth Circuit's judgment and remand the case for reconsideration shorn of the overbreadth inquiry interjected by the appellate panel and bearing a fair resemblance to the case shaped by the parties.

*United States v. Sineneng-Smith*, 590 U.S. 371, 380 (2020).

Raskin's caselaw in his "brief" seeks to create a stand-in prosecutor for non-existent

---

[18] See House Administrative Committee December 2024 Report that shows some potentially criminal acts by committee members.
https://cha.house.gov/2024/12/chairman-loudermilk-releases-second-january-6-2021-report

briefs and is inapposite to decisions that apply to vacatur in this case. Raskin attempts to create a legal fiction that if the government refuses to further prosecute a case on appeal, then an external entity must step into the DOJ's prosecutorial shoes. The *Flynn* case Raskin cited involved claims that the D.D.C. judge designated an amicus who would instead act as a special prosecutor to argue against DOJ's motion to dismiss under Rule 48(a) where no "bad faith" was shown by the government and where the issue involved a recanted guilty plea before sentencing. And with no briefs being argued, the motion here to vacate requires no external amicus to become a proxy speaker as if it is an opposition party representing the lower court's proceedings. The lower court gets no defense here just as Appellants can make no arguments against it. For example, see *United States v. Haldeman*, 181 U.S. App. D.C. 254 (D.C. Cir. 1976) with amicus to defend the D.D.C. decision. This case involves nothing like that.

Raskin demonstrates ignorance of the law in the cases he presented and in writing, "The Government is not moving under Rule 48(a) here. It instead makes a bare request for an Article III court to vacate an Article III judgment, citing the conclusory 'interests of justice' formulation" and claims the court will robotically grant it.  Document #2169287 at 20. Not to embarrass Raskin, but of course the DOJ is not moving under Rule 48(a) here. Rule 48(a) is a Federal Rule of Criminal Procedure that applies only at the trial court (where the government stated it will use

it) and there is no corresponding FRAP. He also says it is only for pretrial or during trial and misses that Rule 48(a) is applicable to indictments that remain open when convictions are not final (e.g. on direct appeal). *Id*. His misapprehension about distinctions between appellate and trial court level frameworks and caselaw is a possible explanation for his arguing Rule 48(a) cases as if those were relevant. His uninformed and hostile view of 28 U.S.C. § 2106 as not being a proper framework shows lack of legal research and relevant caselaw.

Enquiring minds want to know what possible amicus Raskin thinks would call § 2106 "interests of justice" comical as he did, and is standing ready to fabricate a "proper framework for assessing whether to vacate under these circumstances." *Id*. It seems absurd that an attorney could not know the existing frameworks of both the U.S. Constitution, and the framework used for direct criminal appeals when the Executive employs its prosecutorial discretion - or even the difference between the Federal Rules of Criminal Procedure and those for Appellate Procedure.

Because Raskin's "brief" identifies no caselaw or Party argument for any issue that requires clarification here, and is instead a backdoor intervention to complain about the Executive's use of prosecutorial discretion, the Court for all the above reasons must strike Raskin's filings to disabuse him of his imaginary legal comedy.

### 3.  Raskin's Filings Must be Stricken as Not Objective, in Violation of The Party Presentation Rule and Void Due to Misrepresentations.

Parties are required to define and argue the issues. There are no briefs with arguments presented by the parties here for an amicus to argue in assistance to the Court. The Court has not asked for argument on the matter of vacatur. Nothing indicates DOJ cannot objectively argue if the Court were to create a new standard just because the case involves January 6th:

> In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.

*Greenlaw v. United States*, 554 U.S. 237, 243-44 (2008) ((See *Castro v. United States*, 540 U.S. 375, 381-383, (2003)).

Raskin's filing as amicus is hardly that of a neutral or objective party to aid the Court on a substantive issue of law. The select facts about his animosity and hate speech (*supra*) make that clear. In attempting to further politicize this case, he identifies no substantive issue of law where the Court needs neutral assistance. Instead, as a partisan he attacks the DOJ's Executive discretion and the framework statute as "comical."

Raskin's "brief" is filled with misrepresentations that should warrant sanctions regarding candor before the Court. Raskin appears to be a habitual offender in this regard. He allegedly altered evidence for presentation in his calling

18

card, self-acclaimed impeachment prosecution of President Trump. Trump defense lawyer David Schoen (and supported to this day by the "tweeter" Jennifer Lawrence) alleged in opening that House impeachment managers, including Rep. Raskin altered a tweet they presented as evidence. Raskin was allegedly party to adding a verification blue check and deliberately presenting the term "calvary" as the military word "cavalry"[19] among other things (such as irrelevant dates or date alterations).



**Figure** - Rep. Raskin viewing side by side an altered tweet he used against President Trump.

The "brief's" misrepresentations include[20] falsely claiming that Meggs "led a violent attack on the U.S. Capitol," Raskin "was threatened with physical harm and

---

[19] Nobody was held accountable for this.
https://thehill.com/homenews/house/538654-democrats-dismiss-claims-they-misrepresented-evidence-during-impeachment-trial/
[20] Document #2169287 at 1-2.

death by Defendants-Appellants," Meggs "organized and led the worst mass attack on the United States Capitol since the War of 1812," Meggs and Appellants "established paramilitary chains of command, recruited and marshaled their insurrectionist followers, and personally led the breaches of the Capitol. . . ." In fact, Raskin had already run from the building when Appellants arrived on the outside steps; there were historical shootings and bombings in the building; no chain of command existed; nobody was marshalled - and each assertion is a lie meant as character assassination.

For all the above reasons, Raskin's filing should be stricken and voided.

**B.  Raskin's Filings Attempt Unconstitutional Encroachment on the Executive Branch's Prosecutorial Discretion.**

The DOJ's prosecutorial discretion is "absolute" and rooted in the separation of powers. *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). Courts cannot compel the Executive Branch to prosecute or defend positions it chooses not to pursue. *United States v. Fokker Services B.V.*, 818 F.3d 733, 741 (D.C. Cir. 2016) (noting courts must respect prosecutorial discretion even when disagreeing with Government's position). Raskin is asking this Court to abandon precedent and to violate the well-understood Separation of Powers doctrine created by the Constitution's enumerations for the three branches of government.

"The principle of separation of powers was not simply an abstract generalization in the minds of the Framers: it was woven into the document that they

drafted in Philadelphia in the summer of 1787." *Buckley v. Valeo*, 424 U.S. 1, 124 (1976). Yet Raskin seeks to have this Cout ignore extensive caselaw.

> The judicial branch cannot take, or be given by another branch, 'executive . . . duties of a nonjudicial nature' where such duties are not provided for in the Constitution. See *Buckley*, 424 U.S. at 123. 'The purpose of this limitation is to help ensure the independence of the Judicial Branch and to prevent the Judiciary from encroaching into areas reserved for the other branches.'

*United States v. Arpaio*, 906 F.3d 800, 806-07 (9th Cir. 2018)(Quoting *Morrison v. Ols*on, 487 U.S. 654, 677-78 (1988)).

Importantly, this Court held: "it is not the function of the judiciary to review the exercise of executive discretion whether it be that of the President himself or those to whom he has delegated certain of his powers." *Newman v. United States*, 382 F.2d 479, 482 (D.C. Cir. 1967). In his filings, Raskin attempts to pressure this Court into exceeding its power, contrary to the caution in *I.N.S. v. Chadha*, 462 U.S. 919, 951 (1983). Looking forward after vacatur here, extensive caselaw on Rule 48(a) says that trial court denial requires a showing of bad faith, where that equates to intent to harm the defendant.[21]

Rep. Raskin should not be using this Court to continue his political attacks on President Trump through continued false claims that peaceful protestors like Mr. Meggs committed violence, or that Meggs did not have any of his Constitutional rights violated as the Biden DOJ fabricated a narrative before a biased D.C. jury and

---

[21] That caselaw isn't argued here since Rule 48(a) is not at issue before the Court.

court that Raskin's TV propaganda targeted before trial. If Raskin desires truth (along with all of Congress) Mr. Meggs and many other January 6th defendants damaged by government weaponization encourage a Judiciary Committee hearing. Mr. Meggs would testify there or at any continued hearings under Congressman Loudermilk's sub-committee.

Because the filings do not meet standards or purpose for an amicus, where a political motive seems designed to continue causing damage to Mr. Meggs and co-Appellants using misrepresentations about facts and caselaw, where Mr. Meggs will continue to receive threats, the Court should strike all Raskin's filings.

## IV. CONCLUSION

Wherefore, for good cause shown above and any reasons the Court sees fit, the Court should Order the documents (#2169287 and #2169449) filed by Representative Raskin to be stricken from the record.

Dated April 29, 2026                                Respectfully submitted,

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart
Bar # 64495
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
T: 813-659-5178
E: Carolstewart_esq@protonmail.com
Counsel for Kelly Meggs

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned hereby certifies that this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B)(i).

1. This motion complies with the type-word limit of Fed. R. App.  P. 32(a)(7)(B)(i) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 4759 words.

2. This brief complies with the requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

/s/ *Carolyn Stewart*
Carolyn Stewart, Esq

## CERTIFICATE OF SERVICE

I hereby certify on the 29th day of APRIL 2026, a copy of the foregoing was served upon all parties and the self-appointed movant for the Motion as forwarded through the Electronic Case Filing (ECF) System.


/s/ *Carolyn Stewart*
Carolyn Stewart, Esq.

# ADDENDUM

## Certificate as to Parties, Rulings, and Related Cases

Under D.C. Cir. R. 27, the undersigned certifies:

## Parties and Amici

The parties that appeared in district court and now before this Court are Kenneth Harrelson, Kelly Meggs, Jessica Watkins, Elmer Stewart Rhodes III (Appellants) and the United States (Appellee). Thomas Caldwell was a party and a co-defendant at trial in the district court. His appeal was not consolidated with the instant appeal. He has since received a full pardon, and his appeal was dismissed.

Other defendants were named in the same indictment, *United States v. Rhodes,* 22-cr-15-APM (D.D.C.), but their cases were severed from Appellants' trial. They are: Joshua James, Roberto Minuta, Joshua Hackett, David Moerschel, Brian Ulrich, and Edward Vallejo. In a prior indictment that included Appellants Watkins, Meggs, and Harrelson, which was closed considering the indictment in this case, additional defendants were named: Donovan Crowl, Sandra Parker, Bennie Parker, Graydon Young, Laura Steele, Connie Meggs, Jason Dolan, William Isaacs, James Beeks, and Michael Greene. *United States v. Crowl,* 21-cr-28-APM (D. D.C.).

There are no amici curiae or intervenors in this Court. Various members of the press appeared as interested parties in the D.D.C. case to gain access to materials

25

in the district court. Collectively known as "Press Coalition," they included ABC News; the Associated Press; Buzzfeed News; CBS News; Wall Street Journal; E.W. Scripps Co.; Gannett Co.; Gray Media Group; the Los Angeles Times; National Public Radio; NBC News; the New York Times; Pro Publica; Tegna, Inc.; and the Washington Post. ECF 415. In addition, a group consisting of United States Capitol Police Officers, who filed a civil action against some Appellants, entered an appearance at the D.D.C. as "interested parties" under Local Criminal Rule 57.6. They included Conrad Smith, Danny McElroy, Byron Evans, Governor Latson, Melissa Marshall, Michael Fortune, Jason DeRoche, and Reginal Cleveland. ECF 636.

**Rulings Under Review**

These are appeals of the criminal convictions for each of the Appellants arising from District Court Case No. 1-22-cr-0015-APM. Each was charged with four common counts: (1) seditious conspiracy, in violation of 18 U.S.C. § 2384 (Count One); (2) conspiracy to obstruct an official proceeding, in violation of 18 U.S.C. § 1512(k) (Count Two); (3) obstruction of an official proceeding and aiding and abetting, in violation of 18 U.S.C. §§ 1512(c)(2), and 2 (Count Three); and (4) conspiracy to prevent an officer from discharging any duties, in violation of 18 U.S.C. § 372 (Count Four). Watkins was charged in Count Six with civil disorder and aiding and abetting, in violation of 18 U.S.C. §§ 1361, 2. Rhodes, Meggs, and

Harrelson were charged in Counts Seven, Eight and Nine, respectively, for tampering with documents or proceedings and aiding and abetting, in violation of 18 U.S.C. §§ 1512(c)(l), 2. All but Rhodes were charged with Count Five, 18 U.S.C. §§ 1361, 2, Destruction of Government Property and Aiding and Abetting, and found not guilty. None were charged with assault.

Meggs consented to vacatur of the final judgment of conviction for Counts One, Two, Three, Four, and Eight. 1:22-cr-00015-APM ECF No. 626.

/s/ *Carolyn Stewart*
Carolyn Stewart, Esq.